UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

FELIPE GARCIA-RIVERA,

Petitioner,

v.

BRUCE SCOTT, *et al.*,

Respondents.

Case No. C26-3773-MLP

ORDER

Petitioner Felipe Garcia-Rivera, through counsel, seeks a writ of habeas corpus under 28 U.S.C. § 2241, asserting that his detention by U.S. Immigration and Customs Enforcement ("ICE") at the Northwest ICE Processing Center ("NWIPC") in Tacoma, Washington, violates the Fifth Amendment's Due Process Clause. (Dkt. # 2.) Respondents filed a response (dkt. # 9), supported by an unsworn declaration from their counsel, Katherine G. Collins (dkt. # 11, "Collins Decl."), and a sworn declaration from Department of Homeland Security ("DHS") Deportation Officer Vincent Cvitanovic (dkt. # 10, "Cvitanovic Decl."). Petitioner filed a reply. (Dkt. # 12.) For the reasons set forth below, the Court DENIES the petition.[1]

[1] The parties consented to proceed before the undersigned Magistrate Judge. (Dkt. # 7.)

## I. BACKGROUND

Petitioner is a native and citizen of Mexico who entered the United States on an H-2A nonimmigrant worker visa on August 10, 2023, with authorization to remain until January 14, 2024. (Dkt. # 2 at 3; Cvitanovic Decl., ¶¶ 4-5.) He remained in the United States beyond his authorized admission period. (Cvitanovic Decl., ¶ 6.)

On June 4, 2026, Petitioner was convicted of Assaulting, Resisting, or Impeding Certain Officers or Employees, in violation of federal law, and sentenced to time served. (Cvitanovic Decl., ¶ 7.) That day, he was transferred to ICE custody and transported to the Yakima Enforcement and Removal Operations ("ERO") office. (*Id.*, ¶ 8.) An ERO supervisor and officer issued and served Petitioner with a Notice to Appear ("NTA") charging him as removable under Section 237(a)(1)(B) of the Immigration and Nationality Act for remaining in the United States longer than authorized. (*Id.*, ¶ 9; Collins Decl., Ex. A.) Petitioner refused to sign his Notice of Custody Determination, and no checkbox is marked regarding requesting an Immigration Judge's ("IJ") review of his custody determination. (Collins Decl., Ex. B at 2.) Petitioner was transported to the NWIPC that day and has been detained at the NWIPC since. (Cvitanovic Decl., ¶ 10; dkt. # 2 at 2.)

On August 31, 2026, an IJ ordered Petitioner removed from the United States to Mexico. (Cvitanovic Decl., ¶ 11.) Petitioner appealed this decision to the Board of Immigration Appeals on September 25, 2026, and Respondents ceased action to remove Petitioner pending resolution of this appeal. (*Id.*, ¶¶ 12-13.)

Petitioner and Respondents agree Petitioner is detained under 8 U.S.C. § 1226(a) and entitled to individualized custody procedures under that statute. (*See* dkt. # 2 at 1-2; dkt. # 9 at 1.) Respondents report having no records of Petitioner requesting a bond hearing. (Cvitanovic

Decl., ¶ 15; *see also* Collins Decl., Ex. B (Notice of Custody Determination reflecting no box checked for custody determination hearing).) The Traverse states that "counsel has attempted to request a bond hearing but encountered filing difficulties involving the distinction between a regular bond request and a pre-NTA bond request," and that counsel's efforts to obtain a hearing continue. (Dkt. # 12 at 1.)

## II. LEGAL STANDARD

"Writs of habeas corpus may be granted by . . . the district courts . . . within their respective jurisdictions." 28 U.S.C. § 2241(a). Habeas petitioners must prove by the preponderance of the evidence that they are "in custody in violation of the Constitution or laws or treaties of the United States[.]" *Davis v. Woodford*, 384 F.3d 628, 638 (9th Cir. 2004); 28 U.S.C. § 2241(c).

## III. DISCUSSION

Petitioner and Respondents agree that Petitioner is detained under § 1226(a), is entitled to individualized custody procedures under that statute, and that Petitioner has not received a bond redetermination hearing. (*See* dkt. # 2 at 1-2; dkt. # 9 at 1.)

Petitioner asks this court for "a writ requiring Respondents to provide him a prompt individualized custody determination under § 1226(a)." (Dkt. # 2 at 5.) He argues the blank check boxes on his "Notice of Custody Determination" failing to affirmatively request a custody determination do not establish he declined a bond hearing. (Dkt. # 12 at 2; Collins Decl., Ex. B.) He also asks the Court to reject Respondents' position that his Petition should be denied "because Petitioner has not formally requested a hearing through the Immigration Court," explaining that "counsel has attempted to request a bond hearing" but has "encountered filing difficulties[,]" which counsel is continuing to work on. (Dkt. # 12 at 1.) Petitioner concludes that

he "has requested a bond hearing through this habeas proceeding, counsel has attempted to obtain one through the Immigration Court, and Respondents agree that § 1226(a) allows him to seek one." (Dkt. # 12 at 2.)

Respondents ask the Court to require Petitioner to request a bond redetermination hearing before seeking habeas relief. (Dkt. # 9 at 7.) They contend that ICE cannot locate a request for such a hearing, that "Petitioner does not allege that Petitioner has requested" one, and that he has made no demonstration his detention violates due process. (Dkt. # 9 at 4, 7.) While acknowledging that administrative exhaustion is not a "jurisdictional prerequisite," Respondents ask the court to first require Petitioner to "exhaust[] the most basic of administrative remedies available to him: a bond redetermination hearing." (Dkt. # 9 at 7.)

In this case, although the parties agree that Petitioner is detained under § 1226(a) and entitled to a bond hearing, outside of the instant petition, it appears Petitioner has not requested one. Neither has Petitioner alleged any request or attempted request for such a hearing has been formally denied or left unaddressed. Specifically, counsel for Petitioner has not clearly articulated the nature of the filing difficulties she is experiencing, or that these issues are not resolvable without court intervention.

Given the limited factual support in the record regarding Petitioner's efforts, this Court is unable to conclude that Petitioner has requested and been denied a bond hearing. While administrative exhaustion is not always required, *see Montiel Moreno v. Hernandez*, 2026 WL 1906522, at * 4-6 (W.D. Wash. June 18, 2026), Petitioner has not demonstrated that requesting a bond redetermination through the ordinary course would be futile or inadequate for obtaining the relief Petitioner requests.

## IV. CONCLUSION

Based on the foregoing, the Court DENIES Petitioner's petition for writ of habeas corpus (dkt. # 2). Notwithstanding this Court's denial of the Petition, within **seven (7) days** of this Order, Respondents shall provide Petitioner with any applicable forms necessary to request a custody redetermination hearing before an immigration judge.

Dated this 29th day of October, 2026.

MICHELLE L. PETERSON
United States Magistrate Judge